JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CHERYL MILES

### DEFENDANTS

ALLIANCE FOR PROGRESS CHARTER SCHOOL, INC.

**(b)** County of Residence of First Listed Plaintiff Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary Kramer; Murphy Law Group, LLC; Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia. PA 19103: 267-273-1054

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.

Brief description of cause:
DISCRIMINATION, FAILURE TO ACCOMMODATE, FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS, AND RETALIATION

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
Mar 30, 2026

SIGNATURE OF ATTORNEY OF RECORD
/s/ Mary Kramer

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 1722 Cecil B. Moore Avenue, Philadelphia, PA 19121 _____

*RELATED CASE IF ANY:*  Case Number:_____ Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                    Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☒ 8.  Employment
☐ 9.  Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury (*Please specify*):_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases:  *(Please specify)*_____
      _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

-----------------------------------------------------------------

CHERYL MILES                                      :
3128 Westmont Street                              :
Philadelphia, PA 19121                            :
                                                  :        Civil Action No.: _____
                            Plaintiff,            :
                                                  :
            v.                                    :
                                                  :        **JURY TRIAL DEMANDED**
ALLIANCE FOR PROGRESS                             :
CHARTER SCHOOL, INC.                              :
1722 Cecil B. Moore Avenue                        :
Philadelphia, PA 19121                            :
                                                  :
                            Defendant.            :

-----------------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff, Cheryl Miles ("Plaintiff"), by and through her undersigned counsel, for her Complaint against Alliance for Progress Charter School, Inc. ("Defendant"), alleges as follows:

### INTRODUCTION

1. Plaintiff initiates this action contending Defendant violated the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., and Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.,* by failing to provide reasonable accommodations to Plaintiff; failing to engage in the interactive process; and terminating Plaintiff because of her actual and/or perceived disabilities, because of her past record of impairment, and in retaliation for requesting a reasonable accommodation in connection thereto.

2. Additionally, Plaintiff further contends violations by Defendant of Pennsylvania public policy for asserting her rights under the Pennsylvania Workers' Compensation Act.

## PARTIES

3.      Plaintiff Cheryl Miles is a citizen of the United States and Pennsylvania and currently maintains a residence at 3128 Westmont Street, Philadelphia, PA 19121.

4.      Defendant Alliance for Progress Charger School, Inc. is a non-profit company organized and existing under the laws of the Commonwealth of Pennsylvania with a registered office address and principal place of business located at 1722 Cecil B. Moore Avenue, Philadelphia, PA 19121.

## JURISDICTION AND VENUE

5.      Paragraphs 1 through 4 are hereby incorporated by reference as though the same were fully set forth at length herein.

6.      On or about January 15, 2025, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. §§ 2000e5(b) and (e), and 43 P.S. § 959(a).

7.      Plaintiff's EEOC charge was docketed as EEOC Charge No. 530-2025-03450. and was filed within one-hundred and eighty (180) days of the unlawful employment practice.

8.      By correspondence dated February 20, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against Defendant.

9.      One year has passed since Plaintiff filed her complaint with the PHRC and EEOC (her dual-filed Charge of Discrimination), thereby entitling Plaintiff to bring her PHRA claims in court.

10. Plaintiff filed the instant action within the statutory time frame applicable to her claims.

11. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

12. This action is authorized and initiated pursuant to the ADA and PHRA.

13. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 as well as it is a civil rights action arising under the laws of the United States.

14. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's federal law claims.

15. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendant resides in this judicial district and does business herein, and the unlawful practices of which Plaintiff is complaining were committed in this judicial district.

## FACTUAL ALLEGATIONS

16. Paragraphs 1 through 15 are hereby incorporated by reference as though the same were fully set forth at length herein.

17. Plaintiff began her employment with Defendant on or about August 12, 2024, in the position of Third Grade Teacher.

18. At all times material hereto, Plaintiff performed her job well, received occasional praise, and no justifiable discipline.

19. By way of background, on or about October 21, 2024, Plaintiff suffered a workplace injury.

20. Plaintiff was injured while in the process of breaking up a fight between two of Defendant's students.

21.    As Plaintiff intervened between the two students, Plaintiff's left hand was struck, and it became swollen, tight, and sore.

22.    As a result of the pain Plaintiff was experiencing, Plaintiff went to see Defendant's school nurse.

23.    Plaintiff was given ice and after she fulfilled her duties with respect to student dismissal, she was sent home.

24.    On or about October 22, 2024, Plaintiff reported the accident from the day before to Defendant.

25.    Specifically, on or about October 22, 2024, Plaintiff also emailed Defendant's Human Resources/Talent & Recruitment Director, Shonte Watkins ("Ms. Watkins"), with Defendant's CEO, Stacey Stott ("Ms. Stott"), and Defendant's Principal, Brain Cameron ("Mr. Cameron"), cc'd, giving a full explanation of the October 21, 2024 incident, an explanation of the treatment she had received to that point, and to inform them that she would like to follow Defendant's Policies and Procedures for requesting, reviewing, completing, and submitting an incident report and retrieving a claim number for workers' compensation.

26.    In her email, Plaintiff explained that as a result of her work injury, she would be unable to return to work until Monday, October 28, 2024.

27.    Meanwhile, Plaintiff continued to treat her injury with ice, but she was still experiencing severe pain and discomfort.

28.    That same day, on or about October 22, 2024, Plaintiff called Defendant and informed them that her left hand was still very swollen and that she needed to visit her primary doctor.

29.     On or about October 22, 2024, Plaintiff's primary doctor diagnosed her with a left-hand sprain, strain, and contusion.

30.     Sprains, strains, and contusions qualify as disabilities within the meaning of the ADA and PHRA in that they substantially limit one or more major life activities for an extended period.

31.     Plaintiff's primary doctor also provided her with a doctor's note, excusing Plaintiff's absences from work until October 28, 2024.

32.     In addition, Plaintiff's primary doctor requested that she get an x-ray for her left hand and left shoulder.

33.     In order to get the x-ray, Plaintiff needed an incident report and a claim number from Defendant.

34.     On or about October 22, 2024, Plaintiff emailed Mr. Cameron, and asked for the same, but Mr. Cameron did not respond.

35.     Then, on or about October 29, 2024, Plaintiff again asked Mr. Cameron via email, but again, Mr. Cameron did not respond.

36.     As a result, Plaintiff tried calling Mr. Cameron, but this too failed as Plaintiff was unable to get in contact with him.

37.     Plaintiff's good-faith attempts were ignored by both Defendant and Mr. Cameron.

38.     It is important to note that at the time of the incident, Mr. Cameron warned Plaintiff that there would be consequences, but did not explain what he meant by "consequences."

39.     To recover from her injury, it was necessary for Plaintiff to call out of work as her doctor did not permit her to return.

40. A medical leave of absence qualifies as a reasonable accommodation under both the ADA and PHRA.

41. Plaintiff reported her absences from the date of her injury through October 28, 2024, via email Ms. Watkins; then again on October 29, 2024 through November 1, 2024, via email to Mr. Cameron with Ms. Watkins cc'd.

42. Furthermore, Plaintiff called out for the week of November 3, 11, and 18, 2024, via email to Mr. Cameron with Ms. Watkins cc'd.

43. On or about November 20, 2024, Plaintiff received an email from Ms. Watkins, which informed Plaintiff that she had been terminated from employment.

44. Ms. Watkins claimed that Plaintiff did not report to work for three weeks, nor did Plaintiff call to explain her absence.

45. Ms. Watkins also claimed that she attempted to reach Plaintiff on or about November 11, 2024 and November 12, 2024.

46. As explained above, Plaintiff made several good-faith efforts to report her injuries and absences prior to Ms. Watkins's alleged attempt(s) to contact her.

47. Plaintiff not only reported the fight between the two students, but explained her medical condition, her need for an x-ray, requested an incident report and claim number, asked how to open a workers' compensation claim, and made a request for a medical leave of absence, which constitutes a reasonable accommodation.

48. As such, it is believed, and therefore averred, that the reason(s) provided to Plaintiff for her termination were pretextual, and that Plaintiff was actually terminated on the basis of her disabilities, because Defendant regarded her as being disabled, for her past record of impairment,

and in retaliation for her request(s) to be reasonably accommodated in connected thereto, in violation of the ADA and PHRA.

49.    It is further believed, and therefore averred, that Defendant refused to engage in the interactive process with Plaintiff to determine a reasonable accommodation in connection with her disabilities, in violation of the ADA and PHRA.

50.    Finally, it is believed, and therefore averred, that Defendant terminated Plaintiff's employment in retaliation for Plaintiff exercising her right to seek workers' compensation benefits in connection with her work-related injuries.

51.    As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101,** *et seq***.**
**DISCRIMINATION, FAILURE TO ACCOMMODATE, FAILURE TO ENGAGE IN**
**THE INTERACTIVE PROCESS, AND RETALIATION**

52.    Paragraphs 1 through 51 are hereby incorporated by reference as though the same were fully set forth at length herein.

53.    At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

54.    Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

55.    Plaintiff's left-hand sprain, strain, and contusion substantially limit her ability to engage in one or more major life activities for an extended period of time.

56.    Defendant was aware of Plaintiff's disabilities and need for a reasonable accommodation, her record of impairment, and/or regarded Plaintiff as being disabled within the meaning of the ADA.

57.    Plaintiff requested a reasonable accommodation in the form of a medical leave of absence.

58.    Defendant failed to engage in the interactive process with Plaintiff to determine whether there was an accommodation it could provide her in the event it could not grant her request.

59.    Defendant took tangible employment action against Plaintiff by terminating her employment.

60.    Despite her disabilities, Plaintiff would have been able to perform the essential functions of her job, with or without a reasonable accommodation.

61.    By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by terminating Plaintiff's employment because of her actual and/or perceived disabilities, because Defendant regarded Plaintiff as being disabled, for Plaintiff's past record of impairment, and/or in retaliation for Plaintiff's request(s) for reasonable accommodations in connection to his disabilities.

62.    Defendant further violated the ADA by failing to engage in the interactive process with Plaintiff.

63.    As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, and other significant economic

benefits as well as emotional pain and suffering, emotional distress, damage to reputation, and humiliation.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.    Back wages, front pay, and bonuses in an amount to be determined at trial;

B.    Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.    Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D.    Pre-judgment interest in an appropriate amount;

E.    Such other and further relief as is just and equitable under the circumstances; and

F.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

**COUNT II**
**PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951,** *et seq.*
**DISCRIMINATION, FAILURE TO ACCOMMODATE, FAILURE TO ENGAGE IN**
**THE INTERACTIVE PROCESS, AND RETALIATION**

64.    Paragraphs 1 through 63 are hereby incorporated by reference, as though the same were fully set forth at length herein.

65.    Plaintiff is a qualified individual with a disability within the meaning of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ("PHRA") and as such is a member of a class protected under the PHRA from unlawful discrimination and/or retaliation.

66.    Plaintiff's left-hand sprain, strain, and contusion substantially limit her ability to engage in one or more major life activities for an extended period of time.

67.    Defendant was aware of Plaintiff's disabilities and need for a reasonable accommodation, her record of impairment, and/or regarded Plaintiff as being disabled within the meaning of the PHRA.

68.    Plaintiff requested a reasonable accommodation in the form of a medical leave of absence.

69.    Defendant failed to engage in the interactive process with Plaintiff to determine whether there was an accommodation it could provide her in the event it could not grant her request.

70.    Defendant took tangible employment action against Plaintiff by terminating her employment.

71.    Despite her disabilities, Plaintiff would have been able to perform the essential functions of her job, with or without a reasonable accommodation.

72.    By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the PHRA by terminating Plaintiff's employment because of her actual and/or perceived disabilities, because Defendant regarded Plaintiff as being disabled, for Plaintiff's past record of impairment, and/or in retaliation for Plaintiff's request(s) for reasonable accommodations in connection to his disabilities.

73.     Defendant further violated the PHRA by failing to engage in the interactive process with Plaintiff.

74.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, and other significant economic benefits as well as emotional pain and suffering, emotional distress, damage to reputation, and humiliation.

75.     The conduct described above constitutes a violation of the PHRA and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial;

B.     Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C.     Pre-judgment interest in an appropriate amount; and

D.     Such other and further relief as is just and equitable under the circumstances; and,

E.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT III**
**PENNSYLVANIA PUBLIC POLICY**
**PENNSYLVANIA WORKERS' COMPENSATION ACT**
**<u>DISCRIMINATION AND RETALIATION</u>**

76.     Paragraphs 1 through 75 are hereby incorporated by reference as though the same were fully set forth at length herein.

77.     On or about October 21, 2024, during the course and scope of her employment, Plaintiff suffered a work-related injury.

78.     Plaintiff's work-related injury caused Plaintiff to require medical care and treatment.

79.     Plaintiff provided Defendant with notice of the work-related injury and reported the work-related injury to Defendant.

80.     Plaintiff made a request to Defendant to open a workers' compensation claim for her work-related injury.

81.     Defendant unlawfully violated the public policy exception to Pennsylvania's common law tradition of at-will employment by unlawfully terminating Plaintiff's employment in retaliation for Plaintiff's decision to avail herself of the benefits of the Pennsylvania Workers' Compensation Act.

82.     Plaintiff's termination was in violation of public policy pursuant to Pennsylvania common law.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, and bonuses in an amount to be determined at trial;

B.     Compensatory damages and lost benefits;

C.     Punitive damages for Defendant's unlawful practices which were committed with malicious and reckless indifference to Plaintiff's rights;

D.      Pre-judgment interest in an appropriate amount; and

E.      Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:     */s/ Mary Kramer*
        Mary Kramer, Esq.
        1628 John F. Kennedy Blvd., Suite 2000
        Philadelphia, PA 19103
        Phone: (267) 273-1054
        Fax: (215) 525-0210
        mkramer@phillyemploymentlawyer.com
        *Attorneys for Plaintiff*

Dated: March 30, 2026

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.